FILED _____ ENTERED
LOGGED _____ RECEIVED

MAR 30 2011

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY          $ f          DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE: | * | |
| SEARCH WARRANT FOR | * | |
| | * | **Case No. 11-355 JKS** |
| 6833A Eastern Avenue, Unit 3 | * | |
| Takoma Park, MD 20912 | * | |

## MEMORANDUM OPINION

Pending before the Court is Jeremy Heller's[1] motion to unseal a search warrant and

related documents. Case Number 11-355 JKS. No hearing is deemed necessary. *See* Local Rule

105.6. For the reasons set forth below, Heller's motion will be denied.

## I. Discussion.

Heller contends that he has a common law, a First Amendment, and/or a Fourth

Amendment right of access to the search warrant documents.

The Supreme Court has recognized that the press and the public have a common law right

to inspect judicial records and documents. *Nixon v. Warner Communications, Inc.*, 435 U.S.

589, 597–99 (1978). This right, however, is not absolute, and the court may deny access "when

sealing is essential to preserve higher values and is narrowly tailored to serve that interest."

*Baltimore Sun Co. v. Goetz*, 886 F. 2d 60, 65–66 (4th Cir. 1989) (quoting *Press–Enterprise Co.*

*v. Superior Court*, 464 U.S. 501, 510 (1984) ("*Press-Enterprise I*")).

An ongoing criminal investigation can constitute a "higher value" when the release of

information could undermine or compromise the investigation. Indeed, "[a] compelling

governmental interest exists in protecting the integrity of an ongoing law enforcement

investigation." *Virginia Dept. of State Police v. Washington Post*, 386 F.3d 567, 573 (4th Cir.

2004). Heller contends that secrecy is no longer necessary because the warrant already has been

---

[1] Heller styles this motion as having been filed on behalf of his roommates as well as himself. As he is not counsel of record for his roommates, he may represent only himself in this court. Local Rule 101.a

executed. The government responds that the search warrant for Heller's home was just one of over 40 locations searched as part of an ongoing investigation into continuing activities involving computer networks, that more locations are expected to be searched in the near future, and that there is a need to protect both the details and the methods of the investigation. The government represents, and the court, having reviewed the affidavit, agrees, that disclosure at this time will compromise the investigation, and, specifically, could lead to the destruction of evidence not yet seized. During the pendency of this investigation, the need for secrecy outweighs the common law right of access.

The press and the public have a First Amendment right of access to criminal trials and to certain criminal proceedings. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980); *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596 (1986) (criminal trials); *Press-Enterprise I*, 464 U.S. 501 (1984) (voir dire and transcripts); *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1 (1986) ("*Press-Enterprise II*") (preliminary hearings). "The test for determining whether a First Amendment right of access is available is: 1) 'whether the place and process have historically been open to the press and general public,' and 2) 'whether public access plays a significant positive role in the functioning of the particular process in question.'" *Goetz*, 886 F.2d at 64 (quoting *Press-Enterprise II*, 478 U.S. at 8–10). A claim for access to a search warrant affidavit fails the first prong of the test because proceedings for the issuance of search warrants are not open to the public. *Id.* The need for sealing may also extend after the government has executed the search warrant. *See id.* (noting that the affidavit may describe continuing investigations, disclose information from wiretaps, or reveal the identity of informants). Here, as noted, the affidavit contains information that could harm the government's ongoing investigation if it became public. As a result, Heller does not have a First Amendment

right of access to the documents.

A search subject has a limited pre-indictment Fourth Amendment right to inspect the search warrant affidavit. *In re Search Warrant Issued on April 25, 2004*, 353 F. Supp. 2d 584, 591 (D. Md. 2004). This right is balanced against the government's right to oppose that access. "In order to prevent a subject from inspecting the contents of a search affidavit, the government must demonstrate to the court that: 1) there is a compelling governmental interest requiring materials to be kept under seal, and 2) there is no less restrictive means, such as redaction, available." *Id.* (citing *United States v. Oliver*, 208 F.3d 211, 2000 WL 263954, at *2 (4th Cir. Mar. 9, 2000)).

The government has met its burden of showing a compelling governmental interest in non-disclosure. The affidavit contains the government's investigative discoveries and techniques and details the evidence it seeks to find on the seized computers and in locations not yet searched. Disclosure could provide future targets with access to sensitive investigative information. As a result, the government has shown a compelling interest in secrecy, and that no less restrictive means of protecting the information are available. Accordingly, the motion to unseal will be denied.

March 29, 2011
Date

/S/

JILLYN K. SCHULZE
United States Magistrate Judge

3